Elizabeth Ellen RICHARDSON,
Plaintiff-Respondent,

v.

William Dorsey RICHARDSON,
Defendant-Appellant.

No. 35960.

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 1, 1975.

Motion for Rehearing or to Transfer to Supreme Court Denied May 19, 1975.

Anderson, Wollrab & Wilson, Barry A. Wilson, St. Louis, for defendant-appellant.

Bartley, Goffstein, Bollato & Lange, Gary H. Lange, Clayton, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant appeals from a judgment of a decree of divorce entered by the Circuit Court of St. Charles County, Missouri, granting plaintiff a divorce, custody of their two minor children, and one dollar ($1.00) a year as and for alimony, §§ 452.-010, 452.070 and 452.120, RSMo 1969, V.A. M.S.

 Since defendant questions the sufficiency of the evidence to show that plaintiff was the innocent and injured party, we set out the evidence keeping in mind that in a non-jury court-tried case our review is upon both the law and the evidence. Rule 73.01(d), V.A.M.R. While the court is not bound by the trial court's findings and can make its own, yet the judgment should be set aside only if clearly erroneous, Harrison v. Harrison, 339 S.W.2d 509, 514 (Mo.App. 1960); Rule 73.01(d), and should be affirmed if sustainable on any theory, In re M—K—, 493 S.W.2d 686, 688 (Mo.App. 1973). Consideration is given to the trial court's ability to judge the credibility of the witnesses, Rule 73.01(d). Where there is conflicting testimony, deference is given to the trial court's conclusions, Nutz v. Shepherd, 490 S.W.2d 366, 369 (Mo.App.1973), and where no specific findings are made, all fact issues are deemed to have been found in accordance with the results reached, Rule 73.01(b).

On December 13, 1973, plaintiff, appearing with counsel, testified that the defendant had failed to support her and that defendant had physically and verbally abused her on numerous occasions. Although neither defendant nor defendant's counsel appeared at the 9:00 A.M. divorce hearing, defendant allegedly called to inform the court of his anticipated tardiness. When he arrived at the court at 9:25 A.M., the divorce hearing was concluded.

The court found that plaintiff was the innocent and injured party and ordered that the divorce be granted. Plaintiff was awarded custody of the two children, allowed $10 per week per child as support, $1 per year as alimony and attorney's fees of $300 were taxed against defendant. The court stated that the defendant failed to appear but the divorce was not a default.

On January 14, 1974, defendant filed a motion to set aside the judgment, a motion for a new trial, and a request for a change of venue. All of the motions were denied and on January 22, 1974, defendant filed notice of this appeal.

Defendant claims error in the trial court's findings that the plaintiff was the innocent and injured party. He also contends that the granting of the ex parte divorce under the circumstances of this case was erroneous. Finally, defendant contends that the prior court erred in awarding defendant's entire official income as alimony and in allowing the hospital records into evidence at the pendente lite hearing.

Since the new Missouri divorce law became effective on January 1, 1974, that law is not applicable to the present case because the divorce decree, the final judgment in this case, was issued on December 13, 1973.

A thorough examination of all of the contentions of the defendant reveals no grounds for reversal of the trial court's decision and, therefore, the decision of the trial court is affirmed.

Defendant's first major group of contentions might be effectively classified as relating to the burden of proof; that is, the party seeking a divorce must prove that she is an injured and innocent party, C v. C, 474 S.W.2d 41 (Mo.App.1971). He contends that the plaintiff failed to prove either injury or innocence.

 To establish injury, plaintiff must prove some statutory grounds provided in § 452.010, RSMo 1969, V.A.M.S. As suggested by the defendant non-support by the husband is not grounds for divorce, Hess v. Hess, 232 Mo.App. 825, 113 S.W.2d 139

(1938). On the other hand, while non-support alone is not grounds for divorce, non-support plus other indignities may be a sufficient basis for a decree of divorce, Lowe v. Lowe, 229 S.W.2d 7 (Mo.App.1950). In Klamberg v. Klamberg, 428 S.W.2d 889 (Mo.App.1968), the court found non-support plus the general "sulkiness" of the husband to be sufficient grounds. In Markham v. Markham, 429 S.W.2d 320 (Mo.App.1968), the court found that the non-support by the husband, when funds were available, amounted to a species of mental cruelty creating an intolerable condition justifying divorce.

In the present case, the plaintiff claims more than non-support. She testified that on numerous occasions defendant physically and verbally abused her. These indignities coupled with the allegation of non-support could reasonably be found by the court to be sufficient to warrant divorce. The substantiality of the indignities are to be determined in light of the particular circumstances of each case, Rogers v. Rogers, 430 S.W.2d 305 (Mo.App.1968); Schwarz v. Schwarz, 427 S.W.2d 734 (Mo.App.1968); Reeves v. Reeves, 399 S.W.2d 641 (Mo.App.1966) and Missouri Family Law Binder (1970) 1220. This court, under the circumstance herein, cannot say that verbal and physical abuse coupled with non-support by the husband was not substantial enough to warrant divorce.

Having effectively established injury, the plaintiff, nonetheless, is not relieved of her burden to also establish her innocence. But innocence, in this context, does not mean freedom from all fault, but simply that the party seeking a divorce show that she has committed no offense which is a ground for divorce, J v. K, 419 S.W.2d 461 (Mo.App.1967); C v. C, 474 S.W.2d 41 (Mo.App.1971) and Schwarz v. Schwarz, supra. Defendant asserts that his wife has committed an offense prohibited by the statute by deserting him. "Desertion" is defined under the statute as being absent without a reasonable cause for a year, § 452.010, RSMo 1969, V.A.M.S. In the present case, arguably there was reasonable cause for plaintiff's departure and more importantly, plaintiff was not absent for a period of one year. Defendant has, therefore, failed to demonstrate any action by the plaintiff amounting to an offense under the statute. Consequently, we hold that the court's finding that plaintiff was the innocent party was not clearly erroneous.

Next, defendant claims that the court abused its discretion by conducting the hearing and granting the divorce in his absence. It is apparent from § 452.090, RSMo 1969, V.A.M.S., that a trial court is authorized to enter an ex parte decree. No claim is made that defendant did not know that the case had been set for trial on the day of the hearing. We also note that this was not a default judgment because defendant had entered his appearance and filed an answer. In defendant's unverified motion for a new trial he purports to raise for the first time that: (1) he called a Miss J. Dussold, the court clerk, and advised her that it would be impossible for him to appear at the 9:00 A.M., December 13, 1973 trial setting, but that he would definitely appear after a reasonable delay, and (2) he, in fact, did appear at 9:25 A.M., December 13, 1973.

At the outset we note that defendant's motion for a new trial was unverified, and that he filed no affidavit to support the claim made therein pertaining to the alleged telephone call. Nor do we find any evidence in the record, sworn or unsworn, to substantiate the claim now being set forth. Inasmuch as these unverified allegations now being urged do not prove themselves, we are reluctant, under these circumstances, to hold that the trial court abused its discretion. See Gehner v. McPherson, 430 S.W.2d 312, 316–17 (Mo.App.1968) and Whitlock v. Whitlock, 395

S.W.2d 468, 471 (Mo.App.1965). Here, the proceedings had extended over a six month period and even the telephone call, now alleged to have been made, contained neither the reason why defendant could not be present on time nor the time when defendant would appear. Consequently, we find no abuse of discretion and refuse to convict the trial court of error on this point.

 Defendant also alleges error in the trial judge's awarding $1 alimony where the defendant's official earnings were only $1 per year. He urges this court to find that such an award was an abuse of discretion because it effectively left the defendant with no allowance for his support. This court finds no such abuse of discretion. Additionally, it has been held that the proper consideration in determining the adequacy of marital allowances is the husband's capacity to pay. The husband's present and past earnings are evidence of this capacity, Weiss v. Weiss, 392 S.W.2d 646 (Mo.App. 1965). In the present case, the petitioner had earned substantial incomes in previous years, adequately supported himself at the time of the proceedings and anticipated a significant income upon completion of the project on which he was then employed. Thus we rule this point against defendant.

Defendant's final contention relates to the introduction of certain adverse medical records at the pendente lite proceeding. Without reaching the question of the admissibility of such records, the court notes that the contention was not properly presented for review. The pendente lite hearing is an interim proceeding for the purpose of determining alimony, support and custody pending the final divorce proceeding and is an appealable final order. Bradley v. Bradley, 295 S.W.2d 592 (Mo. App.1956). Allegations of error in such an interim proceeding are not properly presented on this appeal since defendant failed to appeal from the pendente lite order.

Judgment of the trial court is affirmed.

SIMEONE, P. J., and GUNN, J., concur.