Lyla F. KLINGE, Plaintiff-Respondent,

v.

Frederick W. KLINGE,
Defendant-Appellant.

No. 37836.

Missouri Court of Appeals,
St. Louis District,
Division Three.

June 14, 1977.

Motion for Rehearing and/or Transfer
Denied July 21, 1977.

Application to Transfer Denied
Sept. 12, 1977.

William R. Kirby, St. Louis, for defendant-appellant.

Armstrong, Teasdale, Kramer & Vaughan, Justin Cordonnier, St. Louis, for plaintiff-respondent.

GUNN, Judge.

In this dissolution of marriage case, one of the current outpouring of such appeals, the husband appeals the trial court's decision alleging abuse of discretion in the award of maintenance and child support, division of marital property and wife's attorney's fees. We find no abuse of discretion and affirm the judgment.

Prior to the dissolution action, the parties had been married 28 years with four children born of the marriage, two of whom were minors at the time of the dissolution hearing. In June, 1973 the husband, a physician, left his wife and children. At that time in his practice as a physician-surgeon, the husband's income was in the upper $70,000 per year bracket. For a short period after leaving his family the husband voluntarily paid his wife and children $2,000 a month in maintenance and support. The husband subsequently reduced the maintenance and support payments to $1,500 per month, $1,000 per month, and, finally, at the time of the dissolution hearing, to $830 per month from which the wife was paying $217.78 per month for house payment.

By 1974 the husband had lost his hospital surgical privileges, and from June 1, 1974 to December 1, 1975, he worked on a part time basis at a surgical clinic. Although working only on a 20 hour week part time basis at the clinic, the husband was paid at a rate which would result in income of $34,000 to $35,000 per year.[1] The husband was offered full time employment at the clinic but rejected it to devote his time to his own office practice which he testified brought him about $600 per month in income with expenses between $1,100 to $1,200 per month. The wife, who was 55 years old at the time of the dissolution hearing, possessed a Missouri teacher's certificate. At

---

1. "[Dr. Klinge] I believe as they [clinic] calculated out my hours my salary on 20 hours, it was in the neighborhood of $34,000.00 or $35,000.00, as I recall it [on a twelve month basis.]"

the time of the hearing the wife was netting about $400 per month as a secretary in a doctor's office and as a substitute teacher. She had approximately $500 in a checking account and $14,735.00 in a savings account, representing an inheritance from her father.[2] The wife was living in the family home having a $100,000 value according to the wife and an $80,000 value according to the husband. The loan balance on the house was $12,807. The wife had contributed $2,500 toward the purchase of the house. The wife testified that her estimated expenses for her and her two children were $1,256 per month without provision for health insurance, recreational expenses or income tax on any maintenance award. The husband testified that he owed a legal fee, unrelated to the dissolution proceedings, of $5,204. He also owed $2,282 on the purchase of an automobile, $8,148.04 on some medical equipment and $12,807 on the house. The husband further stated that he had an unsecured debt of $15,000 which he owed to his father. The husband also testified that he had no stocks, bonds or cash assets. It is apparent from the record that the husband had engaged in social activity with a female companion prior to his physical separation from his wife and family.

The trial court awarded the wife $400 per month maintenance and $250 per month for each of the two minor children and $1,500 for attorney's fees. The wife was also awarded the family residence. The husband was awarded $20,000 to be filed as a lien against the house to be paid out of the proceeds of the sale of the house but with the provision that the lien could not be the basis of a partition suit until the youngest child (who at the time of hearing was 14) had reached 21 years of age, or unless the property was voluntarily sold by the wife.

On appeal, the husband charges that the trial court's award amounted to an abuse of discretion. He urges that the award is in excess of his current income and exceeds his ability to pay. He stresses the fact that he is 59 years old and that as he has lost his hospital privileges he can no longer practice surgery and must build a practice in a new area of medicine.

 Under the facts of this case we find that there was no abuse of discretion in the trial court's award of maintenance and child support. The husband may still practice medicine; he has not lost his ability to earn substantial income. He may not escape his responsibility to his family or stymie justified support for them by deliberately limiting his work to reduce his income. The husband's past, present and anticipated earning capacity serve as competent evidence of his ability to pay the amounts awarded. *In re Marriage of Vanet*, 544 S.W.2d 236 (Mo.App.1976); *Richardson v. Richardson*, 524 S.W.2d 149 (Mo.App. 1975). Here, the husband is a licensed physician, who by working only 20 hours a week was earning income at the rate of $34,000 to $35,000 a year. He was offered full time work (presumably, at least 40 hours a week) but rejected the offer to work at his own practice at a substantially unfavorable balance of expenses in excess of income. We believe it unfair for the husband to shirk his family responsibility in such manner. Obviously, the husband has the capacity, even though not as a hospital staff surgeon, to earn sufficient income to pay the maintenance and child support awards. *In re Marriage of Vanet, supra; Richardson v. Richardson, supra; Naeger v. Naeger*, 542 S.W.2d 344 (Mo.App.1976); *Murray v. Murray*, 538 S.W.2d 587 (Mo.App. 1976). Even though there had been a reduction in the husband's income, that factor alone will not serve as a basis for a reduction of family support payments. *Seelig v. Seelig*, 540 S.W.2d 142 (Mo.App.1976). As stated in *Foster v. Foster*, 537 S.W.2d 833 (Mo.App.1976), l. c. 836:

". . . [A] court may, in proper circumstances, impute an income to a husband according to what he could have earned by the use of his best efforts to

2. The inheritance had been reduced by $5,265 to pay some delinquent income taxes owed by the husband.

gain employment suitable to his capabilities."

We believe that proper circumstances existed here for the trial court to have concluded that the husband was capable of earning a much higher income if he had chosen to work on a full time basis.

 If the trial court is vested with substantial discretion in making maintenance and child support awards, so, too, does the court possess considerable discretion in its division and award of marital property. *Marriage of Schulte*, 546 S.W.2d 41 (Mo.App.1977); *In re Marriage of Vanet, supra.* Giving effect, as we must, to the relevant factors, § 452.330 RSMo Supp.1975, we find no abuse of the trial court's discretion as to the division of property awarded, except with respect to the $20,000 lump sum awarded to the husband to be a lien on the house. This court's recent decision in *Ortmann v. Ortmann*, 547 S.W.2d 226 (Mo. App.1977), impels us to modify the husband's award. As noted in *Ortmann*, inflationary trends make unfair a fixed sum payment to the husband on the future sale of the residence. Rather, we believe that the husband should participate in a percentage of the net proceeds of the sale of the residence under the terms of the trial court's award after payment of proper charges and expenses of sale—the method prescribed in *Ortmann*. We believe that when the sale of the residence occurs, the husband should be awarded 20 percent of the net proceeds of sale of the residential property.[3]

 Finally, the husband attacks the award of attorney's fees to be paid by him. Again, we find no manifest abuse of the trial court's discretion in its award of attorney's fees. *Barnhill v. Barnhill*, 547 S.W.2d 858 (Mo.App.1977).

We have read the transcript, briefs and authorities cited by both parties and conclude that the decree of the trial court, as modified herein, is supported by substantial evidence and is not against the weight of the evidence. The decree, as modified here-in does not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). In view of the abundance of case law covering the points raised by the husband an extended opinion would have no precedential value. See Rule 84.16(b).

The judgment, as modified herein, is affirmed.

KELLY, P. J., and WEIER, J., concur.

---

**3.** We note that 20 percent of the total value of the house as estimated by the wife ($100,000) would equal the trial court's lump sum award to the husband—$20,000.