**Lyla F. KLINGE, Respondent,**

v.

**Frederick W. KLINGE, Appellant.**

**No. 45307.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 6, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Nelson B. Rich, St. Louis, for appellant.

Justin C. Cordonnier, St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from an adverse judgment in a declaratory judgment action. We reverse.

Plaintiff (wife) and defendant (husband) were divorced on January 19, 1976, with the dissolution decree providing for child support and maintenance payments by the husband.

As to the disposition of the marital home, the trial court provided:

The Court awards the family residence at 14 Old Westbury, Webster Groves, Mo. to petitioner. Respondent awarded $20,-000.00 to be filed as a lien and pend (sic) against said property at Old Westbury, Webster Groves, Mo.; said lien to be paid out of proceeds of sale of said property with the proviso that said lien may not be made the basis of a partition action until the youngest child has attained the age of 21 years, or, unless the property is sold voluntarily by petitioner.

On appeal, this court modified the trial court's decree, as follows:

[W]e believe that the husband should participate in a percentage of the net proceeds of the sale of the residence under the terms of the trial court's award after

payment of proper charges and expenses of sale .... We believe that when the sale of the residence occurs, the husband should be awarded 20 percent of the net proceeds of sale of the residential property.

*Klinge v. Klinge,* 554 S.W.2d 474, 477 (Mo.App.1977).

Plaintiff's declaratory judgment petition alleged that as a result of the decree and modification by this court, the parties owned the real estate as tenants in common with defendant being entitled to a 20% interest; that the defendant became delinquent in the amount of $10,000 in child support and maintenance payments and plaintiff brought proceedings to have the sheriff levy on defendant's interest in the real estate; that defendant's right, title and interest in the property was sold to the plaintiff in 1977 at a sheriff's sale for $10,-000 [1]; that in 1980, plaintiff sold the property for $162,500 and defendant wrongfully asserted an interest in the proceeds of the sale; and that the title company withheld $32,500 in escrow pending the resolution of the dispute. Plaintiff, therefore, asked that the court determine under the terms of the decree and the resulting execution sale defendant has no interest in the proceeds. The parties stipulated as to the facts.

In ruling for the plaintiff, the trial court concluded:

> [t]he award of the real estate ... was clearly subject to the lien and the 20 percent interest in the real estate awarded by the Appellate Court. It is clear that defendant had an interest in the real estate which was subject to execution. The execution sale foreclosed defendant's interest in the real estate.

On appeal, we are confronted with the same question as the trial court. Did the defendant have an interest in the property which was subject to execution before the sale of the property?

Plaintiff concedes that if defendant's interest was a lien it was not subject to execution. This is the law in Missouri.

*Missouri Real Estate & Loan Co. v. Gibson,* 282 Mo. 75, 220 S.W. 675 (1920); *Dysart v. State Dept. of Public Health & Welfare,* 361 S.W.2d 347 (Mo.App.1962).

Plaintiff, however, argues that after the modification of the decree by our court she and husband held the property as tenants in common. We do not agree.

Here, the original decree clearly and unambiguously awarded the family residence to the plaintiff. The trial court awarded defendant $20,000 to be filed as a lien against the house and paid out of the proceeds of sale. The partition language in the original decree obviously referred to defendant's right to enforce his lien. Our modification of the decree did not affect plaintiff's ownership of the house. It substituted an award of 20% of the net proceeds of sale for the lump sum of $20,000. Our opinion in *Klinge* was rendered subsequent to our western brethren's opinion in *Corder v. Corder,* 546 S.W.2d 798 (Mo.App. 1977). The *Corder* opinion began a line of cases frowning upon a tenants in common disposition of real estate in dissolution cases. This court only recently veered from the admonitions of *Corder. See Murray v. Murray,* 614 S.W.2d 554 (Mo.App.1981). We find nothing in our original *Klinge* opinion indicating an intention of our court to deviate from *Corder.*

The court correctly determined that defendant has a lien interest, but incorrectly found that it was subject to execution.

Judgment reversed.

SNYDER and CRIST, JJ., concur.

---

1. Parties admit that the purchase price was $5,000.