**In re the Marriage of Flora Dae KATZ, Respondent,**

v.

**Albert Max KATZ, Appellant.**

No. 53938.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 25, 1988.

Conway B. Briscoe, Jr., St. Louis, for appellant.

Ellen F. Watkins, Marie–Anne Woodruff, Clayton, for respondent.

CRIST, Judge.

Ex-husband appeals from the modification of his divorce decree which reduced his maintenance obligation to ex-wife from $1,401.83 per month to $800.00 per month. We affirm.

Ex-husband asserts the trial court should have terminated his maintenance obligation because his income has decreased due to retirement. He argues the court's order reducing his obligation is against the weight of the evidence.

The parties were divorced by consent on April 4, 1985, after almost twenty-five years of marriage. Ex-husband retired on June 20, 1986, and filed his motion to modify the divorce decree on July 18, 1986. He did not make his maintenance payments to ex-wife between this date and the modification trial.

At the time of the divorce decree, ex-husband was employed as a C.P.A. and had a monthly income of approximately $5,600. At the time of the modification trial, his average monthly income was approximately $2,687. His income sources were monthly payments of $815 from social security, $757 from his pension, and $725 in Veterans' Administration benefits. Also includ-

ed in his average monthly income were his previous year's earnings of $1,085 in interest and $3,500 from preparing tax returns. Besides living expenses, he had the expenses of a "lady-friend." He had traveled frequently for both business and pleasure, and was often accompanied by his "lady-friend." While his business travel was often paid for by a third party, his personal was not, and his "lady-friend's" accommodations were always at his expense.

Ex-wife's circumstances had not changed since the divorce. She possessed the marital home which was awarded to her in the divorce decree. Her income was $743 per month from her one-half of the ex-husband's pension benefit awarded her as marital property. However, she owned no other income producing property. Nor had she been able to find employment; she had not worked during the marriage. She had high blood pressure, and had been previously diagnosed as having Lupus. She had problems driving a car at night.

 "[T]he provisions of any decree respecting maintenance ... may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." § 452.370.1, RSMo Supp.1987. A decrease in ex-husband's income does not alone justify or require a modification of a maintenance award. *McAvinew v. McAvinew*, 733 S.W.2d 816, 818 [1] (Mo.App.1987). Ex-husband's reduction in income from retirement was a sufficient change in circumstances to require reduction of the maintenance obligation; *Id.*, but here was not a sufficient change to warrant termination, particularly where ex-wife's situation had not changed since the divorce. Her health problems and lack of marketable skills had limited her ability to work to supplement her income. Ex-husband had shown potential to supplement his income through C.P.A. work, specifically tax return preparation. The payment of $800 maintenance would leave ex-husband $1,887 per month, and raise ex-wife's income to $1,543 per month. The trial court's reduction of maintenance, rather than its termination, was supported by the evidence.

Ex-husband also contends the court erred in awarding ex-wife attorney's fees of $2,000. The award of attorney fees in a modification is in the discretion of the trial court. *Otey v. Otey*, 723 S.W.2d 600, 602 [7] (Mo.App.1987). Ex-wife was required to spend over $9,000 in attorney's fees defending this action which ex-husband initiated. Part of this expenditure was to obtain garnishments against ex-husband's accounts because of his failure to continue paying maintenance after the date he filed for modification. There was no abuse of discretion in requiring ex-husband to pay a part of the attorney's fees of ex-wife where his own conduct increased the necessary legal expenditures of ex-wife.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.