**Lawrence Josiah HUGHES, Movant–Appellant,**

v.

**Imogene P. HUGHES, Respondent–Respondent.**

**No. 54606.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 29, 1988.

Claude C. Knight, St. Charles, for movant-appellant.

Ellsworth Cundiff, Jr., St. Charles, for respondent-respondent.

CRANDALL, Presiding Judge.

Husband, Lawrence J. Hughes, appeals from the trial court's denial of his motion to modify his court ordered maintenance obligation to wife, Imogene P. Hughes. We affirm.

The marriage of the parties was dissolved on March 18, 1983. The decree provided, among other things, that husband pay maintenance of $950 per month to wife. At the time of the dissolution, husband was a chemist employed by Monsanto Corporation at an annual salary of $48,000.

In December 1985, husband filed the present motion to modify. He alleged that there was a change in circumstances which required a modification of the decree as it related to maintenance; namely, that, as of December 1, 1985, he had retired from his position as Senior Research Specialist at Monsanto and that his income had been reduced. He also alleged that wife was employable, but had failed to contribute to her own support.

In February 1988 a hearing was held on husband's motion. Husband testified that he had a Ph.D. in organic chemistry. He retired from Monsanto Corporation at the age of 61 under an incentive retirement program. He feared he would be fired if he did not accept the early retirement offer; but no one in his department who rejected the offer was laid off. The incentive program provided husband with a lump sum of $30,000. In addition, husband

received $129 per month over his retirement pay until age 62, when he could draw Social Security.

Husband's income and expense statement, which was admitted into evidence, showed that husband was receiving Social Security payments, a pension, interest, and dividends for a total income of $2,233 per month. His monthly expenses were $3,355. He testified that, since his retirement, he unsuccessfully sought employment in his field. He held a real estate brokers license. He was remarried and his present wife was employed on a part-time basis. At the time of the hearing, he was being trained in the use of computers.

Wife testified that she was 63 years of age. She was a high school graduate. For most of the 36 years of her marriage to husband, she was unemployed. Her primary responsibility during that time was raising the couple's five children. Since the dissolution, she has remained unemployed. She suffers from a degenerative bone disease which requires treatment through therapy and medication. At age 62 she elected not to draw her Social Security at a reduced rate. She resides in, and pays the mortgage on, the marital home which is 100 years old and in need of repairs. A young woman and her daughter live with wife and pay a portion of the utility bills. Another ex-husband of wife, who resides out of town, also stays with wife occasionally and, in return, does repair work around the house and buys groceries. Because of husband's failure to pay maintenance, it was necessary for wife to liquidate assets and to borrow money to meet expenses. Wife's income and expense statement indicated that she had no monthly income and that her monthly expenses were $1,420.

The trial court denied husband's motion to modify. The court also ordered husband to pay wife's attorney's fees.

Our review is guided by the standard enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Further, we accept as true the evidence and permissible inferences therefrom favorable to the prevailing party and disregard the contradictory evidence. *Ware v. Ware*, 647 S.W. 2d 582, 584 (Mo.App.1983). Deference is accorded the trial judge even if there is evidence which might support a different conclusion. *Id.*

In his first point, husband contends that the trial court erred in considering his past income and present earning capacity in determining his ability to pay maintenance.

■ A husband's past, present, and anticipated earning capacity may serve as competent evidence of his ability to pay the amounts awarded. *Klinge v. Klinge*, 554 S.W.2d 474, 476 (Mo.App.1977). Here, the record indicates that, prior to his retirement, husband was earning $4,000 per month. At retirement, his income was reduced to $2,333 per month. Although he was unable to find work after retiring, his testimony underscored his aptitude for holding a variety of jobs. He held advanced degrees in chemistry and was licensed to sell real estate. He was undergoing computer training. Yet, he had expended minimal effort, not only in seeking a job commensurate with his abilities, but also in developing his real estate business.

■ The court may impute income to husband according to what he could earn by the use of his best efforts to gain employment suitable to his capabilities. *See Klinge*, 554 S.W.2d at 476. The court may also interpret husband's lack of initiative in finding new work as a refusal to fulfill his support obligation. *See Overstreet v. Overstreet*, 693 S.W.2d 242, 245 (Mo.App. 1985). The trial court properly considered husband's past, present, and potential ability to pay wife maintenance. Husband's first point is denied.

In his second point, husband asserts that the trial court erred in finding that he had failed to prove a change in circumstances so substantial and continuing as to make the terms of the decree of dissolution unreasonable.

■ A decrease in husband's income alone does not justify or require a modification of a maintenance award. *McAvinew v. McAvinew*, 733 S.W.2d 816, 818 (Mo.App. 1987). In order for a decree to be modified

there must be "a showing of changed circumstances so substantial and continuing as to make the terms [of the decree] unreasonable." Section 452.370.1, RSMo (1986).

■ Husband did not show that the changed circumstances were substantial in nature. He did not substantiate that he was forced to retire. He testified that he was fearful he would be laid off. Other employees in his department were not fired if they rejected the retirement offer. Modification should not be granted if the court can see that husband's loss of employment was voluntary. *See Overstreet,* 693 S.W.2d at 245.

Further, although husband's income decreased due to his retirement, he still had a monthly income of $2,233. His present wife generated some income to help with expenses. In contrast, his former wife's monthly income was meager and was far exceeded by her expenses. She was in poor health. During the period when husband ceased making maintenance payments, wife had to borrow money and to liquidate assets to meet her expenses. In addition, since the 1983 decree of dissolution, the amount of wife's maintenance has remained constant; and there was no evidence that wife's needs have diminished since the original decree.

Finally, husband did not demonstrate that the changed circumstances were continuing. As discussed under Point I, husband did not establish by substantial evidence that he was unable to find a suitable job after retiring. His testimony evinced a clear lack of diligence in his efforts to secure new employment.

There was no abuse of discretion in the trial court's denial of a modification of the decree respecting maintenance. Under the facts of this case, husband's retirement was not a change in circumstances so substantial and continuing as to make the terms of the decree unreasonable. Husband's second point is denied.

In his third point, husband argues that the trial court erred in awarding wife her attorney's fees in the amount of $2,746. The trial court is granted broad discretion in awarding attorney's fees. Section 452.-355, RSMo (1986). The court must consider all relevant factors, including the financial resources of both parties. *Petty v. Petty,* 739 S.W.2d 738, 742 (Mo.App.1987). After examining the record, we find that the award is supported by substantial evidence and that the trial court did not abuse its discretion. Husband's third point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.