Frieda LESLIE, Appellant–
Cross–Respondent,

v.

William LESLIE, Respondent–
Cross–Appellant.

No. 74054.

Supreme Court of Missouri,
En Banc.

March 24, 1992.

Frank K. Carlson, Union, for appellant-cross-respondent.

Cynthia Howlett, Christopher P. Simms, Clayton, for respondent-cross-appellant.

COVINGTON, Judge.

In November of 1989, William Leslie, former husband of Frieda Leslie, instituted a modification proceeding to eliminate an award of maintenance granted to Frieda Leslie in June of 1988. In the 1988 proceeding to dissolve the parties' thirty-four year marriage, the court divided the marital property and ordered Mr. Leslie to pay Ms. Leslie maintenance in the amount of $1,000 per month. A portion of the marital property set aside to Ms. Leslie included forty percent of pension benefits Mr. Leslie was to receive from two pension funds, General Motors and Chrysler. After the dissolution, Mr. Leslie retired. Each party commenced to receive portions of the Chrysler monthly pension benefit. In the proceeding on the motion to modify, the trial court found no substantial and continuing change of circumstances to require the court to eliminate maintenance but reduced the original maintenance award in an amount equal to the monthly payment from Chrysler. The court found that payment received by Ms. Leslie pursuant to the Chrysler pension benefit set aside to her in the division of marital property in the dissolution proceeding constituted a "windfall" never intended by the court in the original dissolution proceeding. The trial court further ordered that the maintenance award be reduced in the future when the second of Mr. Leslie's pensions began to pay.

Both parties appealed from the trial court's order. Ms. Leslie contended that the trial court erred in reducing the maintenance award by the amount received from the portion of Mr. Leslie's pension from Chrysler set aside to her as marital property. She further contended that the trial court erred in reducing maintenance by an additional amount that she might ultimately receive from Mr. Leslie's pension through General Motors. Mr. Leslie contended that the trial court erred in not eliminating the maintenance award. The Missouri Court of Appeals, Eastern District, affirmed the trial court's order reducing maintenance presently and reversed the order reducing maintenance in the future. This Court granted transfer. The judgment is reversed and remanded.

Mr. Leslie's motion for modification alleged the following changes in circum-

stances: his retirement from Chrysler caused a reduction in income; he could not obtain employment to provide income to approximate his income at the time of the decree of dissolution; his sole source of income was the amount received from his portion of the Chrysler pension; Ms. Leslie remained employed and received additional income of $326.80 per month from the pension.

After receiving evidence the trial court made the following specific findings of fact: Mr. Leslie voluntarily retired from employment at Chrysler Corporation in December of 1988, after which he began to receive a pension benefit in the amount of $817 per month. Mr. Leslie was healthy, employable and able to earn what he earned before retirement, approximately $55,000 per year. Mr. Leslie's claim that he applied "generally every week" for a full-time job was not credible. Following retirement Mr. Leslie spent $66,000 from a Chrysler 401(k) plan to purchase property for himself and to pay bills. Mr. Leslie saved nothing from the 401(k) plan to help pay maintenance. Mr. Leslie received the bulk of the real estate in the original dissolution decree, and he had investment property from which he could be receiving income or which he could sell to use the proceeds to pay Ms. Leslie. Ms. Leslie was receiving treatment for breast cancer, chronic degenerative arthritis and advanced osteoporosis, and her physician advised her to work only part-time.

The court then ruled: "... There have been no changes in substantial circumstances of a continuing nature which require the court to eliminate the Respondent's duty to provide maintenance to the Petitioner." The court, however, further ruled:

The retirement of Respondent has given Petitioner a windfall which was never intended by the court in the original Decree of Dissolution. Therefore the maintenance the Respondent is ordered to pay Petitioner is now set at six hundred seventy-three and 20/100 dollars ($673.20). The previous Order that she receive forty percent of his retirement checks remains in full force and effect.

In addition, the court ordered that when Ms. Leslie began to receive the payment from the General Motors pension, the maintenance award should be further reduced by the amount received through the General Motors pension.

■■■ Ms. Leslie's claim that the trial court erred in reducing the maintenance award by the amount Ms. Leslie receives through the Chrysler pension benefit is correct. Section 452.370.1, RSMo 1986, authorizes a court to modify maintenance only upon a showing of changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. The trial court made no specific finding of a substantial and continuing change of circumstances justifying a reduction in maintenance. Assuming, without deciding, that the trial court made a finding, the question is whether the finding was supported by substantial evidence and whether the trial court's order was correct as a matter of law.

Mr. Leslie suggests that the trial court's order finding that the payment of pension benefits was a "windfall" to Ms. Leslie implied that the payout of the Chrysler pension benefit was a substantial and continuing change in circumstances. Mr. Leslie's suggestion disregards the clear language of the court's order and, in any event, a finding of substantial and continuing change of circumstances based upon the receipt of the pension benefit would have been erroneous. The Chrysler pension benefits were awarded to Ms. Leslie in the original dissolution action as part of the marital property set aside to her. Orders affecting the distribution of marital property are not modifiable. § 452.330.4, RSMo 1986. The reduction in maintenance, dollar for dollar in the amount of the pension benefit, had the effect of impermissibly amending the division of marital property.

■■■ The fact that the property at issue is a pension does not change its character as marital property. The trial court's awards of marital property in the original dissolution action would have taken into account the respective values assigned to

the marital property, including the value of the pension plans. While it is correct that, upon valuation and division of a pension plan, the trial court may take the sum of the pension into account in reducing an amount of maintenance awarded in an original dissolution proceeding, *see e.g.*, *Schelsky v. Schelsky*, 796 S.W.2d 888, 893 (Mo. App.1990), *Hogan v. Hogan*, 796 S.W.2d 400, 404 (Mo.App.1990), the law is well settled that a spouse is not required to consume his or her apportioned share of marital property in order to be entitled to an award of maintenance. *Klenke v. Klenke*, 742 S.W.2d 621, 624 (Mo.App. 1987); *Balven v. Balven*, 734 S.W.2d 909, 914 (Mo.App.1987); *Fausett v. Fausett*, 661 S.W.2d 614, 617 (Mo.App.1983). Nor is a spouse required to consume an apportioned share of marital property in order to be entitled to retain an award of maintenance. The trial court was without authority later to modify or amend the division of marital property as awarded in the decree of dissolution.

■ Mr. Leslie's point on cross-appeal is related to his response to Ms. Leslie's first point. He claims trial court error in refusing completely to terminate the maintenance award. He reiterates his argument that the trial court could have found a change of circumstance. He contends that an involuntary retirement from Chrysler and the resulting reduction in his income constitute substantial and continuing changes of circumstances. He posits that his retirement was involuntary as evidenced by the fact that Chrysler planned to lay off the shift on which Mr. Leslie worked.

Substantial evidence in the record supports the trial court's finding to the contrary. Mr. Leslie acknowledged the possibility that he could have transferred to another shift within the plant or to another plant within Chrysler. The shift on which he worked continued for a period of at least six months after Mr. Leslie retired. During the post-retirement period, Mr. Leslie continued to work at the plant to train his replacement. Other substantial evidence supports the trial court's finding that

Mr. Leslie remained employable at essentially the same income he enjoyed while working for Chrysler. The trial court found Mr. Leslie to be healthy and employable. Although Mr. Leslie stated that he applied for more than one hundred jobs without success, he was able to verify only one application. The trial court found Mr. Leslie's testimony that he had regularly sought employment to be not credible. There is also evidence that Mr. Leslie, a licensed electrician, as well as a licensed real estate broker, had not attempted to obtain employment under either license, although prior to the dissolution he actively engaged in the real estate business.

■ Missouri courts have consistently held that a voluntary loss of employment is not a substantial and continuing change of circumstance such as to allow modification. *Hughes v. Hughes*, 761 S.W.2d 274, 277 (Mo.App.1988); *Overstreet v. Overstreet*, 693 S.W.2d 242, 245 (Mo.App.1985); *Foster v. Foster*, 537 S.W.2d 833, 836 (Mo.App. 1976). Even where retirement is induced by rumors of impending layoffs, courts have nonetheless found the loss of employment voluntary and, therefore, not a substantial and continuing circumstance that would allow modification. *Hughes*, 761 S.W.2d at 276; *Overstreet*, 693 S.W.2d at 245. Furthermore, in spite of a reduction in income as a consequence of retirement, the trial court may impute income to a spouse according to the spouse's ability to earn by using his or her best efforts to gain employment suitable to the spouse's capabilities. *Hughes*, 761 S.W.2d at 276; *Klinge v. Klinge*, 554 S.W.2d 474, 476 (Mo. App.1977).

■ Other substantial evidence supports the trial court's inability to find changed circumstances so substantial and continuing as to make the original maintenance award unreasonable. Ms. Leslie's needs have not diminished since the time of the original maintenance order. She testified that despite the fact that she now receives the $326.80 per month from the Chrysler pension, she nevertheless needs the $1,000 per month as maintenance. Undisputed evidence corroborates that her needs have

increased since the time of the decree of dissolution as a consequence of her having to bear the costs of her own health insurance and to assume payment for an automobile. She is being treated for breast cancer, chronic degenerative arthritis, and advanced osteoporosis. Her physician recommends that she not work full time. Mr. Leslie's point is without merit.

 Ms. Leslie in her second point on appeal claims that the trial court erred in ordering additional reduction of maintenance at such time as the General Motors pension begins to pay Ms. Leslie. She is correct. It appears likely that the trial court entered the portion of its order affecting the General Motors pension on the ground of an unintended "windfall", the impropriety of which has been addressed above. Even if the court ordered reduction of maintenance in the future on the basis of another ground, the order is erroneous. In determining a former spouse's ability to support himself or herself in the future, the trial court should not speculate on evidence that might be adduced in a later modification proceeding. *Burrus v. Burrus*, 754 S.W.2d 882, 885–86 (Mo.App.1988). *See also In re Marriage of Goodding*, 677 S.W.2d 332, 337 (Mo.App.1984); *In re Marriage of Powers*, 527 S.W.2d 949, 956 (Mo.App.1975). Even accepting Mr. Leslie's claim that the additional money Ms. Leslie would receive from the General Motors pension would later constitute a substantial and continuing change of circumstances, the inquiry does not end; § 452.370.1 specifically requires a determination of whether a changed circumstance exists so as to make the original award unreasonable. That finding was not made in this case, and there is no evidence to support such a finding.

The general rule prohibiting modification based upon speculative evidence regarding the future condition of the parties exists in part for reasons illustrated by the circumstances of this case: one former spouse remains employable, while the other is only partially so. The record is devoid of evidence of impending changes in the future condition of the parties, and there is no

reasonable expectation that a change will occur. *See Burrus*, 754 S.W.2d at 885–86.

The judgment is reversed and the cause remanded for entry of orders consistent with the holding of this opinion.

ROBERTSON, C.J., and HOLSTEIN, BLACKMAR, BENTON and THOMAS, JJ., concur.

RENDLEN, J., dissents.