**Elizabeth Jane KELLER,**
**Petitioner–Appellant,**

v.

**Juan D. KELLER, Respondent–**
**Respondent.**

**No. 64695.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 31, 1994.

Merle L. Silverstein, Rosenblum, Goldenhersh, Silverstein & Zafft, P.C., Clayton, for appellant.

Frank Susman, Susman, Schermer, Rimmel & Shifrin, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Wife, Elizabeth Jane Keller, appeals from the judgment of the trial court quashing a garnishment on the motion of husband, Juan D. Keller. We affirm in part and reverse and remand in part.

Husband and wife were married in 1965. Their marriage was dissolved on June 30, 1991. The separation agreement between the parties, which was incorporated into the decree of dissolution, divided the marital property between the parties, awarding wife, among other things, the marital home. Paragraph 11 of the separation agreement provided for maintenance as follows:

[Husband] shall pay to [Wife], as and for her maintenance and support, the sum of $3,650.00 per month, payable on the first business day of each month following the entry of a Decree of Dissolution herein.... Said maintenance and support payments under this paragraph shall be deemed tax deductible by [Husband] and taxable income to [Wife]. On or before May 1st of each year, the parties shall exchange true copies of their federal income tax returns for the preceding calendar tax year. [Husband] shall be entitled to a reduction from the sum of $3,650.00 for the succeeding 12 months of maintenance payments owing (June through May) on an average pro-rata monthly basis, equal to 25% of all income from all sources (other than gift corpus or child support) received or earned by [Wife] during said preceding calendar tax year.

Wife sold the marital home in 1992. The amount realized from the sale was $296,055.00 and the tax basis of the home was $205,490.00. Under the Internal Revenue Code, the total gain on the sale of the home was $90,565.00. On Form 1040 of her federal income tax return for 1992, wife listed a long-term capital gain of $77,064.00. On Form 2119 of her tax return, she reported a postponed gain of $13,501.00, which served as a reduction in the basis of the new home she purchased.

Husband did not make the maintenance payment to wife in June 1993. On June 29, 1993, wife ordered an execution and garnishment on husband's bank account. Husband filed a motion to quash the garnishment.

In ruling on husband's motion, the court considered both the long-term capital gain and the postponed gain, plus the interest and dividend income reported on wife's Form 1040, in computing wife's income for the 1992 tax year as follows:

| | |
|---|---|
| Interest income | $ 1,090.00 |
| Dividend income | 1,200.00 |
| Capital gain | 77,064.00 |
| Deferred capital gain | 13,501.00 |
| Total income | $92,855.00 |

Based upon the maintenance provision in the separation agreement, the court reduced wife's maintenance by $22,641.00 for the calendar year June 1993 through May 1994, and found that wife was entitled to maintenance of only $1,715.52 per month for that period of time ("$92,855 × 25% divided by 12 = $1,934.48; $3,650 − $1,934.48 = $1,715.52"). The trial court sustained husband's motion to quash the garnishment.

Our review of the trial court's decision is governed by the familiar principles of *Mur-*

*phy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will uphold the decision of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32.

In her first point on appeal, wife contends that the trial court erred in holding that the gain realized from the sale of the marital home constituted "income," as that term is used in the maintenance provision of the separation agreement.

Wife's initial argument under point one is that the term "income" should be given its ordinary meaning and not the Internal Revenue Code definition. She posits that the ordinary meaning of income does not encompass the capital gain realized from the sale of marital property awarded to her in the dissolution decree.

■ In this case, the separation agreement provides that wife's maintenance for the succeeding year shall be reduced by 25 percent of "*all* income from *all* sources (other than gift corpus or child support) *received* or *earned*" (emphasis added) by wife during the preceding year. This description of "income" in the separation agreement is broad and inclusive enough to encompass the gain realized from the sale of property. Furthermore, the separation agreement specifically excludes "gift corpus or child support," but not capital gains, from consideration in computing wife's income. Income, as that term is used in the separation agreement, therefore, includes the gain realized from the sale of property.

■ In addition, under the Internal Revenue Code, the gain wife realized from the sale of the marital home is taxable income. *See* 26 U.S.C.S. § 61(a)(3) (1993). Although the separation agreement does not precisely refer to wife's federal income tax return as the basis for calculating her income, the separation agreement provides that the parties exchange federal income tax returns on or before May 1 of each year. Implicit in this requirement is that wife's tax return be used to establish her yearly income.

■ A spouse's tax return can be used by the court as evidence of yearly income.

*Payne v. Payne*, 635 S.W.2d 18, 22 (Mo. banc 1982). In *Payne,* the dissolution decree provided that wife's maintenance be $120.00 per week, "plus 15% of the sum of husband's total income for the preceding year (as shown on his Federal Income Tax Form 1040 before deduction for IRA payment)" minus the maintenance payments to wife. *Id.* at 20. In *Payne,* "the trial court properly received into the evidence the income tax return of [husband] to determine the exact amount due under the dissolution decree." *Id.* at 22. In contrast to *Payne,* the separation agreement at issue fails to specify how to determine wife's total income. The requirement to exchange tax returns, however, would be meaningless unless the parties intended to rely on wife's return to compute her income.

■ Wife's second argument under her first point is that the gain realized from the sale of the marital home is not income, because such a holding requires her to support herself by expending part of the marital property set aside to her at dissolution. She argues that this result contravenes the holding in *Leslie v. Leslie,* 827 S.W.2d 180 (Mo. banc 1992). In *Leslie,* husband filed a motion to modify an award of maintenance when wife began receiving her portion of husband's monthly pension benefit. *Id.* at 181. The Missouri Supreme Court held that the pension benefits, which were awarded to wife in the original dissolution action as part of the marital property apportioned to her, could not be used to reduce her maintenance, dollar for dollar in the amount of the pension benefit paid to her. *Id.* at 183. The court stated that the pension was marital property, the value of which was taken into account when the court divided the marital assets. *Id.* at 182–183. The court concluded that "a spouse [is not] required to consume an apportioned share of marital property in order to be entitled to retain an award of maintenance." *Id.* at 183.

■ The *Leslie* decision is distinguishable from the case before us. The present action does not involve a motion to modify the amount of maintenance originally awarded to wife. The only issue is the amount of maintenance due under the terms of the original

separation agreement. To calculate the amount of maintenance due, it is only necessary to determine whether capital gains constitute income under the terms of the separation agreement. The separation agreement between the parties is part of the original decree by incorporation; and is enforceable, even though additional evidence may be necessary to ascertain the exact amount of maintenance due. *See Bryson v. Bryson,* 624 S.W.2d 92, 98 (Mo.App.1981). Thus, the *Leslie* decision is not controlling.

Further, the crux of wife's argument is that, by charging her with the tax consequences attendant with the sale of the marital home, her property award is effectively reduced. The trial court may take into consideration the tax consequences when dividing the marital assets. *Clark v. Clark,* 801 S.W.2d 95, 99 (Mo.App.1990). The record before us, however, does not show that the trial court was advised of the tax ramifications of the property division. Having failed to offer the court the opportunity to consider the tax consequences, wife cannot now complain. *See Theilen v. Theilen,* 847 S.W.2d 116, 124 (Mo.App.W.D.1992).

Wife's final contention under her first point is that if her income tax return is determinative of the amount of her income, "then the maintenance [husband] was to pay [her] in 1993 should have been reduced by 25% of the maintenance he paid her in 1992!" We disagree with wife's syllogism and agree with husband that this argument is *"reductio ad absurdum."* It is clear that the parties do not intend such a result. In addition, wife's income from maintenance payments is readily discernible from her federal income tax return and the amount of maintenance is easily deductible from the other items of income reported thereon.

Having determined that the gain realized from the sale of the home constitutes income to wife, there remains the question of whether the postponed gain of $13,501.00 is income. If the cost of the new residence is less than the sale price of the old residence, a portion of the realized gain is recognized and taxable; and the basis of the new residence in reduced by the unrecognized gain on the sale of the old residence. 34 Am.Jur.2d Federal Taxation § 4187 (1990); *see also* 26 U.S.C.S. § 1034(e). In the case before us, wife's postponed gain is not reported on Federal Income Tax Form 1040, but is listed on Form 2119 pertaining to the sale of the marital home. The postponed gain is not taxable income for the 1992 tax year. The trial court erred when it included it in wife's income for that year. Wife's first point is therefore granted in part and denied in part.

In her second point on appeal, wife asserts that the trial court erred in sustaining husband's motion without an evidentiary hearing. She alleges that the trial court should have considered extrinsic evidence to determine the intent of the parties as to the meaning of the term "income" in the separation agreement.

The court had before it wife's federal income tax return for 1992. As indicated earlier in this opinion, it was proper for the court to determine wife's yearly income based solely on her federal income tax return. *See Payne,* 635 S.W.2d at 22. The trial court did not err in relying on the wife's tax return to determine the amount of her income for 1992. Wife's second point is denied.

In her last point on appeal, wife asserts that assuming that the capital gain from the sale of the marital home is income under the separation agreement, the court should have used as wife's basis the value of the home at the time of the dissolution, in lieu of the original tax basis husband and wife had in the home.

Having concluded that wife's federal income tax return for the 1992 tax year is sufficient evidence of wife's income for that year, we are bound by the Internal Revenue Code in determining how that income is calculated. Property exchanges incident to a dissolution are non-taxable events to the parties; concomitantly, the parties must "carry-over" the original basis in property exchanged and this "carry-over" basis is then used to compute the capital gain or loss in the event the property is sold at a later date. *See* 26 U.S.C.S. § 1041(a) (1993). The court did not err in considering the amount of long-term capital gain reported on wife's fed-

eral income tax return as income to her, because the total amount of the gain constitutes income under the Internal Revenue Code. Wife's third point is denied.

In conclusion, we hold that the separation agreement anticipates that wife's federal income tax return for the preceding year serve as evidence of her total income. Wife's income, as reported on her Federal Income Tax Form 1040, minus the maintenance payments, is the figure upon which the reduction in maintenance for the succeeding year is to be calculated. The trial court properly considered wife's tax return in determining that the long-term capital gain of $77,064.00 constituted income to her for the 1992 tax year. The court, however, erred in determining that the postponed gain of $13,501.00 was income to wife for the 1992 tax year, because the postponed gain was not taxable income reported on her Form 1040 and did not constitute "income," as that term is used in the separation agreement.

The judgment of the trial court is affirmed in part and reversed and remanded in part, with directions to enter judgment consistent with this opinion.

REINHARD and CRIST, JJ., concur.