**Judy Ann BRADLEY, Respondent,**

v.

**J.T. BRADLEY, Appellant.**
**No. WD 48791.**

Missouri Court of Appeals,
Western District.

Aug. 2, 1994.

---

**2.** The Massachusetts Supreme Court made this same interpretation of *Danforth*. In *Opinion of the Justices to the Senate,* 376 N.E.2d 810, 820 (Mass.1978), the court was asked to determine whether a proposed law which would require a candidate to file a statement of financial interests before filing a declaration of candidacy would
constitute additional eligibility requirements for constitutional public office. The court, relying on *Danforth,* stated in a summary fashion that the law would not affect the eligibility requirements for constitutional public office or add to the qualifications for office.

Michael P. Riley, Jefferson City, for appellant.

L.G. Copeland, Columbia, for respondent.

Before FENNER, P.J., and LOWENSTEIN and SPINDEN, JJ.

FENNER, Presiding Judge.

Appellant, J.T. Bradley, appeals the judgment of the trial court finding him in contempt and denying his motion to modify his maintenance obligation.

The marriage of J.T. Bradley (husband) and respondent, Judy Ann Bradley (wife), was dissolved by order of the Circuit Court of Boone County on February 5, 1990, after thirty years and two children. At the time of the dissolution of their marriage the parties entered into a marital settlement and separation agreement. Under the terms of the settlement agreement husband agreed to pay wife the sum of $1,500 per month as periodic maintenance. The agreement provided that its terms were not to be incorporated into the decree of dissolution except for the provisions concerning maintenance and attorney fees. The agreement of the parties was approved by the court and set out in the court's order of dissolution.

On June 1, 1993, husband filed a motion to modify seeking to have his maintenance obligation terminated. On July 6, 1993, wife filed a counter-motion to modify seeking to have maintenance increased. Thereafter on October 4, 1993, wife filed a motion seeking to have husband found in contempt for failing to pay maintenance as ordered in the dissolution decree. On November 4, 1993, the court denied both parties' motions to modify and found husband in contempt for failure to pay maintenance as ordered. Husband appeals the court's order finding him in contempt and the denial of his motion to modify.

Our standard of review is to sustain the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

In his first point on appeal, husband argues that the trial court lacked subject matter jurisdiction to find him in contempt of court for failing to pay maintenance. Husband argues that the award of maintenance to wife was contractual, not decretal, and therefore the award of maintenance was not subject to enforcement by contempt.

Contractual maintenance arises where the maintenance provisions are agreed to by the parties in the separation agreement and are agreed not to be incorporated into the terms of the court's decree. *Cates v. Cates,* 819 S.W.2d 731, 737 (Mo. banc 1991). Contractual maintenance is enforceable by a separate action for breach of contract and it is not modifiable by the court. *Id.*

Decretal maintenance is maintenance awarded by the court. Decretal maintenance can either be in the absence of a settlement agreement or pursuant to a settlement agreement. *Id.* Unless the parties otherwise agree, decretal maintenance is modifiable by the court and subject to enforcement by the court. *Id.*; § 452.325.6, RSMo 1986.

In the case at bar, the parties specifically agreed in their marital settlement and separation agreement, in pertinent part, as follows:

It is the intent of the parties that the terms of this Agreement shall not be incorporated in any Decree of Dissolution of Marriage, except for the provisions concerning maintenance and attorney fees.

The terms of the agreement were included in the court's decree which provided, in regard to maintenance, as follows:

Respondent agrees to pay Petitioner $1,500 per month as periodic maintenance until Petitioner remarries or cohabits with a member of the opposite sex, or upon the death of the Petitioner, or upon the death of Respondent, whichever first occurs. This maintenance shall be taxable to the

Petitioner and deductible to the Respondent.

Notwithstanding any other provision in this Agreement, maintenance shall be modifiable to reflect changed circumstances according to then applicable Missouri law.

Furthermore, the court expressly ordered in its decree, in pertinent part, as follows:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by this Court that Respondent shall pay Petitioner maintenance in the sum of $1,500.00 per month.

Husband and wife stipulated within their agreement that the only terms to be incorporated into the court's decree were those relating to maintenance and attorney fees. The maintenance as agreed between the parties was set forth in the court's decree and specifically ordered by the court as part of its judgment.

Maintenance in the case at bar was decretal, subject to modification, as agreed between the parties, and subject to enforcement by contempt as part of the court's judgment.

Husband's first point is denied.

▇ In his second point, husband argues that the trial court erred in denying his motion to modify maintenance because there has been a substantial and continuing change of circumstances which make the award of $1,500 per month unreasonable. Husband argues that his income has decreased and he is not able to meet his monthly expenses.

▇ Changed circumstances sufficient to support modification must be proven by detailed evidence and must also show that the prior decree is unreasonable. *Vance v. Vance,* 852 S.W.2d 191, 193 (Mo.App.1993) (citation omitted). Neither a decrease in appellant's earnings nor an increase in respondent's income alone requires a modification. *Id.* Appellant has the burden to establish that the terms of the original decree have become unreasonable. *Id.*

▇ A trial court can impute income in considering a party's maintenance obligation. *Id.* Where retirement is voluntary and part of an employer's incentive retirement plan, the consequential reduction in pay does not necessarily entitle a party to a reduction in the party's maintenance obligation. *Hughes v. Hughes,* 761 S.W.2d 274, 276–77 (Mo.App. 1988). A party's past, present and future earning capacity can be considered as competent evidence of a party's ability to pay maintenance. *Id.* at 276.

▇ As trier of fact, it is the function of the trial court to decide the weight and value to be given to the testimony of any witness. *Zalmanoff v. Zalmanoff,* 862 S.W.2d 941, 944 (Mo.App.1993) (citation omitted). On appeal, we view the evidence in the light most favorable to the decree and disregard contradictory evidence. *Id.* We defer to the trial court even if the evidence could support a different conclusion. *Id.*

At the time of the dissolution, February of 1990, husband was employed as a branch manager with IBM, earning a salary of $83,-000. On July 1, 1993, husband retired from IBM at the age of 57. His salary at that time had increased to a little over $99,000. As an incentive to retire early, husband received a $99,000 bonus. Husband testified that IBM was undergoing a reduction in its work force. Husband also testified that he was not forced to retire. Husband could have stayed with IBM, but he doubted that he would have been able to retain the same job. Additionally, his retirement benefits would not have increased by his staying with IBM. Immediately after his retirement, husband worked briefly for Kodak and earned $14,000 for each of three two-week periods. After August of 1993 husband made no attempt to find employment.

When husband retired from IBM, his income went from $99,000 annually, or $8,275.50 per month, to $4,241.71 per month in retirement benefits. Wife receives $696.16 per month from husband's monthly retirement benefit of $4,241.71.

Wife has a high school education and was 53 years old at the time of the hearing herein. She testified that she suffered from medical problems and that she was not able to find appropriate employment.

The trial court could certainly have found from the evidence that wife's circumstance

had worsened since the dissolution due to medical problems and that she is even less employable because of her current circumstances. While husband's income has decreased it was due to his voluntary retirement, and his earning capacity had not decreased given his ability to supplement his retirement income with other employment.

The judgment of the trial court is supported by substantial evidence. Judgment affirmed.

All concur.