Darci Lea PREWITT,
Petitioner/Appellant,

v.

James Mack HUNTER,
Defendant/Respondent.

No. ED 81446.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 27, 2003.

Susan K. Roach, St. Louis, MO, for appellant.

Mary Ann Weems, St. Louis, MO, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Mother, Darci Lea Prewitt, appeals from the judgment of the trial court modifying the decree of dissolution of her marriage to father, James Mack Hunter, with regard to child custody. We affirm.

The decree of dissolution dissolving the parties' marriage was entered in 1997. There were four children born of the marriage, in 1989, 1992, 1995, and 1996. The decree awarded the parties joint legal custody of the children and awarded physical custody to mother, with temporary custody to father. In July 2001, father filed a motion to modify, in which he sought not only the termination of his maintenance obligation because of mother's alleged remarriage but also the transfer of physical and sole legal custody to him because of mother's refusal to co-parent with him. Mother filed a motion to dismiss the count in father's motion relating to termination of maintenance and requested attorney's fees. She also filed a "counter" motion to modify, in which she sought the transfer of sole legal custody to her because of father's refusal to co-parent with her.

After an evidentiary hearing, the trial court entered judgment, granting in part

and denying in part the parties' motions to modify. The court also denied in part and granted in part mother's motion to dismiss. The court modified the decree of dissolution as it related to visitation, awarding the parties joint legal and joint physical custody of the children. The court also found that mother was not remarried and maintenance should not be terminated. The court ordered each party to pay his or her attorney's fees and held the parties jointly and severally liable for the Guardian Ad Litem (GAL) fees. Mother appeals.

Review of this appeal is governed by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We do not retry the case, rather we accept as true the evidence and reasonable inferences therefrom in the light most favorable to the prevailing party and disregard contradictory evidence. *Nelson v. Nelson*, 14 S.W.3d 645, 649 (Mo.App. E.D.2000). We recognize the superior position of the trial court to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles that are not revealed in a trial transcript. *Id.*

Section 452.400.2 RSMo 2000 establishes the criteria for modifying visitation rights:

> The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child, but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical health or impair his emotional development....

In a modification proceeding, the court determines whether, based on facts that have arisen since the prior decree, a substantial change has occurred in the circumstances of the children or the children's custodian. *Pokrzywinski v. Pokrzywinski*, 8 S.W.3d 222, 224 (Mo.App. E.D.1999).

Next, the court must consider whether, in light of the changed circumstances, a modification is necessary to serve the best interests of the children under section 452.410 RSMo 2000. *Id.* Because modification involves child custody, the trial court is accorded greater deference than in other cases. *Id.*

In her first point, mother contends that the trial court erred in awarding joint legal and physical custody to the parties. She argues that the court's award was tantamount to a restriction of custody under section 452.400.2, yet the court failed to make the requisite statutory finding that the custody arrangement in place would endanger the minor children's physical health or impair their emotional development.

A modification of visitation does not itself rise to a "restriction" or limitation. *Turley v. Turley*, 5 S.W.3d 162, 165 (Mo. banc 1999). For section 452.440.2 to apply, the modification must restrict or limit one party's visitation rights compared to their visitation rights under the original agreement. *Id.* In *Loebner v. Loebner*, 71 S.W.3d 248, 258 (Mo.App. E.D.2002), this court held that the shortening of a visitation period was a restriction within the meaning of section 452.400.2. Therefore, a modification that reduced a father's visitation with his daughter by 16.75 hours per two-week period was a restriction under the statute and the trial court needed to make a finding as to whether the original visitation would endanger the daughter's physical health or impair her emotional development. *Id.*

Assuming, without deciding, that in the case before us the court's modification constituted a restriction on mother's visitation, we examine whether the court made the requisite finding under section 452.400.2. Here, the court did not use the express

language of the statute that visitation would endanger the children's physical health or impair their emotional development. The court did, however, make the following finding in its judgment:

> The Court finds that the parties have been in conflict over the custody aspects of the children since the last modification. All four children are all presently suffering from stress, according to [father's] witness.... The fact that the parents do not get along is affecting the stress level of the children. Katherine and Connor are anxious, and this anxiety is being expressed as depression. Caitlyn and Gabrielle are anxious and this anxiety is being expressed through aggression. The children frequently see the parents angry at exchanges. This is increasing the anxiety levels. Transitions, or exchanges, are uncomfortable for the children. Reducing the number of exchanges each week would be beneficial to the children.

There was no similar finding in *Loebner* about the impact of the existing visitation arrangement on the physical and emotional health of the children. The finding in the instant action was sufficient to satisfy section 452.400.2. Mother's first point is denied.

In her second point, mother asserts that the trial court erred in denying her request for payment of her attorney's fees because there was no merit to father's motion to modify.

Section 452.355 RSMo 2000 provides that the trial court may order a party to pay reasonable attorney's fees after considering all relevant factors including the financial resources of both parties, the merits of the case, and the actions of the parties during the pendency of the action. *Hollins v. Hollins,* 13 S.W.3d 669, 674 (Mo.App. E.D.2000). The trial court has broad discretion in awarding attor-

ney's fees in a proceeding to modify a dissolution decree. *Hennessey v. Smith–Hennessey,* 997 S.W.2d 538, 544 (Mo.App. W.D.1999). The trial court's ruling with respect to the distribution of attorney's fees is presumptively correct. *Id.* Only on a showing that the trial court abused its broad discretion in refusing to order one party to a dissolution to pay the attorney's fees of the other will an appellate court overturn the trial court order. *In re Marriage of Baker,* 986 S.W.2d 950, 958 (Mo. App. S.D.1999). "To demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Lueckenotte v. Lueckenotte,* 34 S.W.3d 387, 399 (Mo. banc 2001).

In the instant action, the parties' incomes were about equal. Mother earned about $58,000.00 annually and father earned about $60,000.00. In addition, father's motion to modify did have merit, because the court awarded the parties joint physical custody in lieu of physical custody to mother. Mother's second point is denied.

In her third point, mother challenges not only the court's award of $5,700.00 in GAL fees but also the court's order that she pay one-half of those fees.

The trial court has the discretion to award GAL fees as a judgment to be paid by any party to the proceedings under section 452.423.4 RSMo 2000. *Wenger v. Wenger,* 876 S.W.2d 735, 742 (Mo.App. E.D.1994). Its ruling will not be disturbed absent an abuse of discretion. *Id.*

Here, the GAL testified as to the amount of hours he worked on the case and the amount charged per hour. Mother's counsel declined to question the GAL about his fees. In addition, the evidence

adduced at trial was that husband's income was about equal to mother's. Because the ruling is discretionary, it is presumed to be correct and the burden rests on the complaining party to prove otherwise. *Travis v. Travis,* 63 S.W.3d 296, 300 (Mo.App. E.D.2001). There was no abuse of discretion in the amount of GAL fees awarded by the trial court. Mother's third point is denied.

In her fourth point, mother contends that the trial court erred in ordering that the children not be tested by a psychologist without the written consent of the other party. She argues that the order is speculative in nature because it considers future events and circumstances not supported by the present facts.

Yet, the court's directive is in conformity with section 452.375(2) RSMo 2000. That statute provided the following definition: " 'Joint legal custody' means that the parents share in the decision-making rights, responsibilities, and authority relating to the health, education and welfare of the child, and, unless allocated, apportioned, or decreed, the parents shall confer with one another in the exercise of decision-making rights, responsibilities, and authority." The court merely was reiterating the necessity of the parties to cooperate in parenting, particularly with regard to psychological evaluations of the children. Mother's fourth point is denied.

The judgment of the trial court is affirmed.

SHERRI B. SULLIVAN and GLENN A. NORTON, JJ., Concur.