Grace M. **FORBES,** Respondent,

v.

Russell C. **FORBES,** Appellant.

No. ED 83212.

Missouri Court of Appeals, Eastern District, Division Three.

April 27, 2004.

---

509

Stephen Evans, St. Louis, MO, for appellant.

William K. Meehan, University City, MO, for respondent.

WILLIAM H. CRANDALL, JR., Judge.

Husband, Russell Forbes, appeals from the judgment of the trial court modifying the decree of dissolution of his marriage to wife, Grace Forbes, with regard to maintenance and finding husband in contempt for failing to pay the court-ordered maintenance. We affirm in part and dismiss in part.

The parties' marriage was dissolved in December 1992. The decree of dissolution awarded wife maintenance in the amount of $2,800.00 per month. In April 1997, the court modified the decree of dissolution, awarding wife maintenance of $1,200.00 per month.

In July 2002, wife filed a motion to cite husband for contempt, claiming that from August 2001 to July 2002, except for payments of $600.00 in December 2001 and of $1,200.00 in January 2002, husband did not pay any maintenance to wife. Husband filed a cross-motion to modify maintenance. He contended that he was unable to pay the current level of maintenance because, among other things, he was 65 years of age, had experienced a decrease in income, and was in poor health. Wife filed a motion to dismiss on the ground that husband's noncompliance with the order regarding maintenance barred his motion to modify.

The evidence established that husband was 65 years of age and was a self-employed chiropractor. His practice had decreased substantially since he suffered an illness in 2000 and 2001. At the time of the hearing, he only worked about 20 hours per week. He testified that his right eye had been removed and that he had a cataract and macular degeneration in his left eye. Because of his eyesight problems, he was precluded from working at night. He also had suffered a heart attack. At the time of the hearing, husband received Social Security retirement benefits of about $1,300.00 per month. His income tax returns showed that his annual gross earnings from his chiropractic practice for the preceding years were as follows: in 2002, $10,000.00; in 2001, $11,583.00; in 2000, $53,750.00; and in 1999, $34,200.00. His monthly expenses were $3,261.00. Husband was remarried and his current wife earned between $15,000.00 to $20,000.00 annually.

Wife was 63 years of age and was employed as a floral designer. At the time of the hearing, her monthly income was about $2,080.00. Because of her need for medical insurance, she had determined not to collect her Social Security benefits until age 65, at which point she estimated she would receive about $500.00. Her monthly expenses were $2,222.00.

After a hearing, the trial court granted wife's motion for contempt, granted in part and denied in part husband's motion to modify, and denied wife's motion to dismiss. The court, *inter alia*, awarded wife maintenance of $700.00 per month, effective as of November 1, 2002; and ordered husband to pay wife $1,700.00 for her attorney's fees. The court also entered judgment in the amount of $21,100.00 in favor of wife for unpaid maintenance through May 31, 2003 and ordered husband to pay as follows: $8,315.00 within 14 days of the judgment and $500.00 per month from June 1, 2003 until the outstanding arrearage was satisfied. Husband appeals.

Our review is governed by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We do not retry the case, rather we accept as true the evidence and reasonable inferences therefrom in the light most favorable to the prevailing party and disregard contra-

dictory evidence. *L.J.B. v. L.W.B.*, 921 S.W.2d 23, 24 (Mo.App. E.D.1996). We recognize the superior position of the trial court to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles that are not revealed in a trial transcript. *Id.*

In his first point, husband contends that the trial court erred in not terminating his maintenance obligation because he did not have sufficient funds to pay it.

Section 452.370.1 RSMo 2000 sets forth the standard for determining when the court may modify the provisions of a decree regarding maintenance and provides in relevant part:

> [T]he provisions of any judgment respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any child support or maintenance judgment, the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties. . . .

In the instant action, the trial court stated, "Wife's earnings had increased and Husband's earnings had decreased as a result of his physical disabilities, and therefore, there has been a substantial and continuing change in circumstances since modification of the said judgement of dissolution of marriage which renders Husband unable to pay the amounts required under the said judgment of dissolution of marriage for the maintenance and support of Wife."

Changed circumstances sufficient to support modification must be proven by detailed evidence and must show that the prior decree is unreasonable. *Nelson v. Nelson*, 14 S.W.3d 645, 650 (Mo.App. E.D. 2000). Neither a decrease in the earnings of the spouse seeking modification nor an increase in the income of the spouse receiving maintenance alone requires modification. *Id.* The spouse seeking modification has the burden to establish that the terms of the original decree have become unreasonable. *Id.* A party's past, present, and future earning capacity can be considered as competent evidence of a party's ability to pay maintenance. *Id.*

Here, the trial court considered all the financial resources of both parties. Wife's income had increased and husband's had decreased. But, wife's expenses still exceeded her income. Although husband's listed expenses also exceeded his income, he was remarried and his current spouse was employed, such that she could contribute to their marital expenses. In addition, husband could not give a full accounting for two large sums of money he received. In October 2002, he borrowed $9,000.00 on his home equity line of credit just two weeks prior to closing the sale of his home, thereby eliminating any equity in his home. Also, early in 1997, husband netted over $65,000.00 when he settled a lawsuit. There was sufficient evidence that husband had the ability to pay wife maintenance. The trial court did not err in refusing to terminate husband's maintenance obligation to wife. Husband's first point is denied.

In his second point, husband claims that the trial court erred in finding him in contempt because he did not have the ability to pay. The trial court found that husband was in contempt of court for his failure to pay to wife the amounts required under the judgment for maintenance.

A civil contempt order is appealable; but it must be final before it may be appealed. *In re Marriage of Crow and Gilmore*, 103 S.W.3d 778, 780 (Mo. banc 2003). If the judgment of modification and contempt is not final, this court lacks jurisdiction and must dismiss the appeal. *Id.*

In response to a civil contempt order, the contemnor has two options. First, the contemnor may purge the contempt by complying with the order. *Id.* The case then becomes moot and unappealable. *Id.* Second, the contemnor may appeal the contempt order. *Id.* at 781. But, for purposes of appeal, a civil contempt order is not final until it is enforced. *Id.* When enforcement occurs depends on the remedy. *Id.* Where the remedy is a fine, the enforcement occurs when the moving party executes on the fine. *Id.* Where the remedy is imprisonment, enforcement occurs when actual incarceration occurs or when an order of commitment is issued. *Id.*

Here, the contempt order was not enforced. By the words of the judgment, husband could purge himself of contempt by paying the amount owed to wife in accordance with the judgment. If husband did not timely pay, the judgment provided that "upon application of Wife" he could be incarcerated, unless he demonstrated that he was unable to pay, at which point the court would "consider alternative methods" for him to purge himself of contempt. Husband did not purge himself of contempt and an order of commitment was never issued. Until incarceration is ordered, the contempt order is not enforced and remains interlocutory and unappealable.

That part of the judgment modifying the decree of dissolution of marriage is affirmed. The appeal from the "judgment" finding husband in contempt is dismissed as premature.

CLIFFORD H. AHRENS, P.J. and LAWRENCE E. MOONEY, J., Concur.