IN RE the MARRIAGE OF Sherry L. PETERSEN and Alvin Dean Petersen

Sherry L. Petersen, Petitioner-Respondent,

v.

Alvin Dean Petersen, Respondent-Appellant.

No. SD 34799

Missouri Court of Appeals, Southern District, Division Two.

Filed: November 21, 2017

Attorneys for Appellant—Scott A. Smith of Springfield, MO; David A. Healy of Ozark, MO.

Attorney for Respondent—Andrew C. Scholz of Springfield, MO.

Nancy Steffen Rahmeyer, P.J.

Alvin Dean Petersen ("Appellant") brings this appeal of the denial of his motion to modify his maintenance payment to Sherry L. Petersen ("Respondent"). Three of his points challenge the calculation of Respondent's expenses, and the fourth challenges the award of attorney's fees. None of his points have merit; the judgment is affirmed.

We begin with our standard of review. We can only reverse the trial court's judgment if it is not supported by substantial evidence, it is against the weight of the

evidence, or it erroneously declares or applies the law. *Landewee v. Landewee*, 515 S.W.3d 691, 694 (Mo. banc 2017) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). Appellant's first point posits an error in the application of the law; however, it is clear that Appellant is challenging the trial court's factual conclusion that Respondent's expenses exceeded her income. Likewise, Appellant's second point challenges the calculations of Respondent's expenses as being duplicative.[1] Appellant's third point returns to a claim that it is a misapplication of the law because attorney's fees were included as ongoing reasonable expenses of Respondent. With those three claims of error all challenging trial court findings on expenses, it is worthwhile to note that it is the trial court that may believe or disbelieve all, part, or none of the testimony of any witness. *L.R.S. v. C.A.S.*, 525 S.W.3d 172, 183 (Mo. App. E.D. 2017).

■ We commence with section 452.370:[2] An award of maintenance can be modified only when it is shown there are changed circumstances so substantial and continuing as to make the maintenance terms unreasonable. Section 452.370.1. The burden of proof is on the party moving for modification of maintenance through detailed evidence of the substantial and continuing change that makes the original award unreasonable. *Adams v. Adams*, 51

S.W.3d 541, 546 (Mo.App. W.D. 2001). If the order of the trial court is clearly against the logic of the facts presented and it is so arbitrary and unreasonable that it shocks the sense of justice and indicates the lack of careful consideration, then the trial court has abused its discretion. *Id.* at 546-47.

With these standards in mind, we address Appellant's three points together. As noted, Appellant is challenging whether the trial court properly found that there had been no change in circumstances in the original award because Respondent can now meet her reasonable needs. In its detailed and thorough findings of fact and conclusions of law, the trial court found that Respondent's reasonable needs total $6,393.20 per month, and her total income (including maintenance and social security) is $6,367.00. Appellant challenges these specific expenses as not being reasonable:

## Respondent's contribution to her daughter's condominium expenses

■ The trial court found monthly expenses of $204.00 toward daughter's electric bill and $214.41 toward daughter's condominium dues to be reasonable in view of the fact that Respondent stays at the condominium in Branson every weekend for her church activities.[3] The court

---

1. Neither of Appellant's points include what expenses either "constitute impermissible estate building" or "included duplicative expenses" and, therefore, violate Rule 84.04(d), which mandates that the point "[s]tate concisely the legal reasons for the appellant's claim of reversible error" and "[e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1). All rule references are to Missouri Court Rules 2017, unless otherwise specified.

2. All references to statutes are to RSMo 2016, unless otherwise specified.

3. The trial court specifically found:

Sherry is on two service teams at her church. Sherry drives to Branson on Fridays. Sherry works at the information center on Friday evenings. On Saturdays, she sometimes has assignments. On Sundays, in addition to the church services, she is also involved on a service team. Four times each year, the church has a week-long event. Instead of staying in a hotel, Sherry stays with her daughter. As consideration for staying with her daughter, Sherry pays her daughter's utility expenses and condominium fees.

specifically found these expenditures, in lieu of incurring hotel expenses for her church activities, instead of "recreation," to be reasonable. That finding does not shock the sense of justice or indicate a lack of careful consideration. *See Nelson v. Nelson*, 14 S.W.3d 645, 649 (Mo.App. E.D. 2000) ("Judicial discretion is abused when the order of the trial court is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said the court abused its discretion.").

### Respondent's purchase of a car

 The inclusion of the monthly $525.00 car payment was included in Respondent's expenses. Appellant complains that Respondent purchased a car when her car had less than 100,000 miles on it and was six years old. The court found that Respondent was seventy years old at the time of the trial and had lived in Carthage since 1992; however, she travels to Branson to attend church every weekend. The purchase of a newer, safer automobile for a seventy-year-old on the highway every weekend does not indicate a lack of careful consideration of the trial court.

### Replacement of a Furnace

Appellant claims the amount of $654.00 per month for home repairs and maintenance to be speculative and not based on competent evidence. The trial court specifically found that expense to be reasonable. There was evidence concerning the upcoming expense of a furnace in an amount to exceed $5,500.00. The amount of $654.00 for home repairs and maintenance does not indicate a lack of careful consideration of the trial court.

### Attorney's fees as recurring expenses

Appellant complains in his third point that the trial court erred in awarding attorney's fees as a recurring expense; however, there is no indication in the court's listing of expenses that attorney's fees were awarded as a recurring expense. Appellant speculates that some of the monthly credit card expense included attorney's fees. In the absence of findings of fact and conclusions of law (which were not requested), we cannot conclude that the court did include a recurring attorney fee expense. Points I, II, and III are denied.

In his fourth point, Appellant contends that the trial court erred in awarding attorney's fees. We note that a trial court's award of attorney fees is presumed correct and will only be reversed if the trial court abused its discretion. *Potts v. Potts*, 303 S.W.3d 177, 196 (Mo.App. W.D. 2010). The amount of calculation of Respondent's attorney's fees is not disputed. Appellant claims they simply should not have been awarded because "the Court appeared to focus solely on [Appellant's] non-marital assets as a reason to justify the attorney fee award while discounting the merits of [Appellant's] case." Appellant argues that his case had "significant merit." We find no abuse of discretion in the award of attorney's fees. Point IV is denied.

The judgment is affirmed.

Jeffrey W. Bates, J.—Concurs

Daniel E. Scott, J.—Concurs